UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALLISON KATE CHAPMAN,

    Plaintiff,

v.

GOODWILL INDUSTRIES OF LANE AND
SOUTH COAST COUNTIES,

    Defendant.

Case No. 6:24-cv-01477-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Self-represented Plaintiff Allison Kate Chapman ("Plaintiff") brought an action in Lane County Circuit Court, Case No. 24CV34212, against Defendant Goodwill Industries of Lane and South Coast Counties ("Defendant"), asserting two claims for disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. and

Or. Rev. Stat. § 659A.003. Notice of Removal Ex. 1 at 3-5 ("Original Complaint"), ECF No. 2-1. Defendant removed the case to this Court, asserting original jurisdiction under 28 U.S.C. § 1331. Notice of Removal at 2, ECF No. 2. Before the Court is Plaintiff's Motion to Remand to State Court. ECF No. 6. For the reasons explained below, Plaintiff' Motion is GRANTED.

## BACKGROUND

Plaintiff alleges Defendant refused to hire her because of her disability. Original Complaint ¶ 5. On July 16, 2024, Plaintiff initiated this lawsuit by filing her Original Complaint in the Circuit Court of the State of Oregon for the County of Lane, in a case entitled *Allison Kate Chapman v. Goodwill of Lane and Southwest Counties*, Case No. 24CV34212 ("State Court Action"). Original Complaint. That same day, Plaintiff sent a copy of the summons and an unfiled copy of the complaint to Defendant's general email address. Johnson Decl., Ex. 1, ECF No. 15. On July 18, 2024, Plaintiff sent an email to the Executive Assistant of Defendant's Chief Executive Officer, stating in the subject line: "Waiver of Service, need to sign this and return it to me ASAP[.]" Johnson Decl. Ex. 2 ("July 18, 2024 email") at 1. The body of the email was blank; Plaintiff attached to the email a copy of the Original Complaint and the summons. *Id* at 1-5. Plaintiff also attached a waiver of service form, however, the case caption on the service waiver had the wrong case number and the wrong defendant. *Id.* at 6. On July 22, 2024, Plaintiff emailed a corrected waiver of service form. Johnson Decl. Ex. 3 ("July 22, 2024 email") at 1-2. The subject line of the July 22, 2024 email stated "Chapman v Goodwill waiver of service" and the body of the email stated in full, "Sign this and return it signed in PDF format[.]" *Id.* at 1. On July 24, 2024, Defendant's counsel sent Plaintiff a letter of representation. Johnson Decl. Ex. 4 ("Representation Letter") at 2. Defendant's counsel stated:

> We represent Goodwill Industries of Lane and South Coast Counties in connection with the above-referenced lawsuit you filed on July 16, 2024. Please direct all future

Page 2 — OPINION AND ORDER

> communications regarding this matter to me. I will accept service of the summons and complaint on behalf of my client. Please send me a waiver for that purpose.

*Id.*

On August 9, 2024, before Defendant's counsel had accepted service of the complaint on behalf of Defendant, Plaintiff filed a First Amended Complaint ("FAC") in the State Court Action. Notice of Removal, Ex. 1 ("FAC") at 8-10, ECF No. 2-1. The only change in the FAC was an administrative correction to Defendant's name. *Id.* On August 27, 2024, Defendant's Counsel formally accepted service of the Summons and FAC. Notice of Removal, Ex. 3 ("Acceptance of Service") at 1-2, ECF No. 2-3. On September 4, 2024, Defendant filed its Notice of Removal of Civil Action with this Court and with the State Court. Johnson Decl. Ex. 5. Defendant also served Plaintiff with copies of the Notices of Removal. *Id.* That evening, Plaintiff emailed Defendant's counsel a copy of what purported to be a second amended complaint filed in State Court. Johnson Decl. Ex. 6 ("State SAC"). The State SAC, purportedly filed in the State Court Action, no longer contained the federal ADA claim, which Defendant had asserted was its jurisdictional basis for removal. Johnson Decl. Ex. 6. However, a review of the State Court Action's Register of Actions shows that the case was closed immediately after Defendant filed its notice of removal and prior to Plaintiff's attempt to file the State SAC. Johnson Decl. Ex. 7.

On September 11, 2024, Plaintiff filed the present Motion to Remand to State Court. That same day, Plaintiff also filed an amended complaint ("Federal SAC") in this Court. Amended Complaint ("Federal SAC"). ECF No. 7. The Federal SAC does not contain the ADA claim. *Id.*

## STANDARDS

A defendant may remove a civil action from state court to federal district court only if the federal court has "original jurisdiction" over the matter. 28 U.S.C. §§ 1441, 1446. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

Page 3 — OPINION AND ORDER

treaties of the United States." 28 U.S.C. § 1331. A plaintiff may move to remand the case back to state court on the basis of a procedural or jurisdictional defect. 28 U.S.C. § 1447(c). Absent either circumstance, district courts have a duty "to adjudicate a controversy properly before it." *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959).

## DISCUSSION

Plaintiff moves to remand this matter back to State Court. Plaintiff asserts that (1) Defendant's Notice of Removal was untimely and (2) this Court lacks jurisdiction because the State SAC does not provide a basis for original jurisdiction. Plaintiff moves in the alternative to dismiss the action without prejudice so that she may re-file in State Court.

**I.     Timeliness of Defendant's Removal — 28 U.S.C. § 1446(b)(1)**

Plaintiff asserts that Defendant was in receipt of the initial summons and Complaint on July 24, 2024, when Defendant's counsel sent a letter of representation, and untimely filed its Notice of Removal 42 days later, on September 4, 2024. Defendant responds that emailing a copy of the Complaint and summons does not constitute service of those documents and that it timely filed its Notice of Removal eight days after its counsel accepted service of Plaintiff's FAC, on August 27, 2024.

Under 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

As the Ninth Circuit recently explained, "§ 1446(b)(1)'s 30-day removal time limit does not start to run until the defendant has both received the complaint and been formally served." *Mayes v.*

*Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxing the defendant a courtesy copy of the filed complaint does not constitute formal service))).

Here, Plaintiff's emails attaching copies of the complaint and summons do not constitute formal service. *See* Or. R. Civ. P. 7(D)(3)(b) (manner of service of corporations does not include service by email). Defendant was not formally served with a copy of the complaint until August 27, 2024, when its counsel accepted service on its behalf. Defendant timely filed its Notice of Removal eight days later, on September 4, 2024. Defendant timely removed the State Court Action to this Court.

II.     **Federal Subject Matter Jurisdiction — 28 U.S.C. § 1331**

Plaintiff asserts this Court lacks original jurisdiction over this matter because she filed the State SAC as of September 5, 2024, and it does not raise a question arising under federal law. Defendant responds that the Court has original jurisdiction because the operative complaint at the time of removal, the FAC, contained the ADA claim which arises under federal law.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "In determining the existence of removal jurisdiction based upon a federal question, [the court] must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (alteration in *O'Halloran*)).

When Defendant filed its notice of removal, the State Court closed the case. Plaintiff's attempt to file the State SAC was improper. The Court finds that Plaintiff's FAC was the

operative complaint at the time of removal. Plaintiff's ADA claim arises under a law of the United States and the Court has original jurisdiction.

### III.   Supplemental Jurisdiction — 28 U.S.C. § 1367

Defendant asserts, without explanation or citation to a legal authority, that Plaintiff's filing of the Federal SAC "was procedurally improper and should be dismissed[.]" Def.'s Resp. at 4. The Court finds that the Federal SAC is the operative complaint. The Court abstains from exercising supplemental jurisdiction over the remaining state law claim and remands.

#### A.   Post Removal Amendment of the Complaint

Plaintiff's attempt to file the State SAC was unsuccessful because the State Court closed the case immediately after receiving Defendant's Notice of Removal. However, following removal, Plaintiff filed the Federal SAC in this Court.

Under the Federal Rules of Civil Procedure, a plaintiff can file an amended pleading once as a matter of course 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Defendant was served for the first time on August 27, 2024, when it accepted service of Plaintiffs FAC. Plaintiff filed the Federal SAC 15 days later, on September 11, 2024. The Court is not aware of any controlling precedent that requires consideration of amendments made in state court for purposes of Fed. R. Civ. P. 15(a). Moreover, as Defendant contends above, Plaintiff never served the Original Complaint. The pre-removal amendment of the Original Complaint does not count for purposes of Fed. R. Civ. P. 15(a)(1)(A). Because Plaintiff is entitled to amend once as a matter of course under the federal rules, Plaintiff did not need leave to amend the FAC before filing the Federal SAC in this Court.

Under LR 15-1, the plaintiff is required to attach an exhibit showing how the amended complaint differs from the operative complaint. The purpose of the exhibit requirement in LR 15-1(b) is to ensure that all parties and the Court can easily understand what changes were made.

While Plaintiff's filing of the Federal SAC does not strictly comply with LR 15-1, the FAC and the Federal SAC are each only three pages, and the difference between the two is readily apparent. Namely, Plaintiff eliminated the federal ADA claim. Given the brevity of the Federal SAC, Plaintiff's status as a self-represented party, and the fact that Defendant's response briefing demonstrates its understanding of the changes, the Court finds it appropriate to liberally construe Plaintiff's filing of the Federal SAC as compliant with LR 15-1(b). Pursuant to Fed. R. Civ. P. 15(a)(1), the Court finds that the Federal SAC is the operative complaint.

      B.      **Supplemental Jurisdiction, Dismissal, or Remand**

"[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, n.6 474 (2007); 28 U.S.C. § 1367. Under such circumstances, district courts have discretion to exercise supplemental jurisdiction over the remaining state law claims, remand the case, or dismiss without prejudice. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Elimination of a single federal law claim at an early stage of the litigation creates a "powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351. Given the early stage of the litigation, the Court abstains from exercising supplemental jurisdiction.

"[W]hen a court has discretionary jurisdiction over a removed state-law claim and the court chooses not to exercise its jurisdiction, remand is an appropriate alternative." *Id.* at 354–55. As the Supreme Court explains:

> Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar

costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law.

*Id.* at 353. Given the early stage of the litigation and considering Plaintiff's status as a self-represented party, the Court finds that the above factors weigh in favor of remand.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Remand (ECF No. 6) is GRANTED.

DATED this 5th day of December 2024.

                                                s/ Mustafa T. Kasubhai
                                                MUSTAFA T. KASUBHAI (He / Him)
                                                United States District Judge